# EXHIBIT "B"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark F. McKenna, Esquire
McKenna & Associates, P.C.
436 Boulevard of the Allies
Suite 500
Pittsburgh, PA 15219

9590 9402 3947 8060 6816 59

2. Article Number *(Transfer from service label)*

7016 3010 0001 0443 1319

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70163010000104431319                              Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 2:43 pm on July 5, 2022 in PITTSBURGH, PA 15219.

**USPS Tracking Plus® Available** ⌄

## ✅ Delivered, Front Desk/Reception/Mail Room

July 5, 2022 at 2:43 pm
PITTSBURGH, PA 15219

Feedback

---

**Text & Email Updates**                                                    ⌄

---

**Tracking History**                                                        ⌃

July 5, 2022, 2:43 pm
Delivered, Front Desk/Reception/Mail Room
PITTSBURGH, PA 15219
Your item was delivered to the front desk, reception area, or mail room at 2:43 pm on July 5, 2022 in PITTSBURGH, PA 15219.

July 2, 2022, 11:05 am
No Access to Delivery Location
PITTSBURGH, PA 15219

July 2, 2022, 8:03 am
Out for Delivery
PITTSBURGH, PA 15212

July 2, 2022, 7:52 am
Arrived at Post Office
PITTSBURGH, PA 15212

July 2, 2022, 12:54 am
Departed USPS Regional Facility
PITTSBURGH PA DISTRIBUTION CENTER

July 1, 2022, 7:01 pm
Arrived at USPS Regional Facility
PITTSBURGH PA DISTRIBUTION CENTER

| USPS Tracking Plus® | ∨ |
| --- | --- |
| Product Information | ∨ |

Feedback

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Affidavit of Service of Rule to File Complaint** has been served by first-class U.S. Mail and electronic mail this 11th day of July, 2022, to the following counsel of record:

Mark F. McKenna, Esquire
McKenna & Associates, P.C.
436 Boulevard of the Allies
Suite 500
Pittsburgh, PA  15219

DICKIE, McCAMEY & CHILCOTE, P.C.

By: _____
Scott D. Clements, Esquire

Counsel for Defendant,
Wheeling & Lake Erie Railway Company

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | |
|---|---|
| HEIDI A. CHARLES, individually and as an Administrator of the Estate of J.G., deceased, and A.G., a minor, by and through HEIDI A. CHARLES, as a parent and natural guardian of a minor, | CIVIL DIVISION<br><br>NO. GD-22-007056 |

                Plaintiffs,

    vs.

WHEELING & LAKE ERIE
RAILWAY COMPANY, a Delaware
corporation,

                Defendant.

TYPE OF PLEADING:
**COMPLAINT IN CIVIL ACTION**

FILED ON BHEALF OF:
**PLAINTIFFS, HEIDI A. CHARLES, individually and as an Administrator of the Estate of J.G., deceased, and A.G., a minor, by and through HEIDI A. CHARLES, as a parent and natural guardian of a minor**

COUNSEL OF RECORD FOR THIS
PARTY:

MARK F. McKENNA, ESQUIRE
PA I.D. No. 30297

**McKENNA & ASSOCIATES, P.C.**

436 Boulevard of the Allies
Suite 500
Pittsburgh, PA  15219
Phone (412) 471-6226
Fax (412 471-6658

mfm@mckennaandassociates.com

**TO: DEFENDANT**

You are hereby notified to file a written
response to the within Complaint in
Civil Action within Twenty (20) days of
service hereof or judgment may be
entered against you.

      McKENNA & ASSOCIATES, P.C.

By: _____
      Mark F. McKenna, Esquire
      *Attorneys for Plaintiff*

**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

Defendant.

HEIDI A. CHARLES, individually and
as an Administrator of the Estate of J.G.,
deceased, and A.G., a minor, by and
through HEIDI A. CHARLES, as a parent and
natural guardian of a minor,

               Plaintiff,

        v.

WHEELING & LAKE ERIE RAILWAY
COMPANY, a Delaware corporation

CIVIL DIVISION

CASE NO: GD 22-007056

**JURY TRIAL DEMANDED**

)
)
)
)
)
)
)
)
)
)
)
)

NOTICE TO DEFEND

    YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) DAYS after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, [OR CANNOT AFFORD ONE] GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
400 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555
https://www.getapittsburghlawyer.com/

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| HEIDI A. CHARLES, individually and as an Administrator of the Estate of J.G., deceased, and A.G., a minor, by and through HEIDI A. CHARLES, as a parent and natural guardian of a minor, | CIVIL DIVISION<br><br>NO. GD-22-007056 |

Plaintiffs,

vs.

WHEELING & LAKE ERIE
RAILWAY COMPANY, a Delaware
corporation,

Defendant.

### COMPLAINT IN CIVIL ACTION

Plaintiffs, Heidi A. Charles, in her own right and as the Administrator of the Estate of J.G., Deceased, and Plaintiff, A.G., a minor, by and through Heidi A. Charles, as parent and natural guardian of said minor, by and through their attorneys, McKENNA & ASSOCIATES, P.C., file this Complaint in Civil Action against the Defendant, Wheeling & Lake Erie Railway Company, upon causes of action of which the following is a statement:

1.     Plaintiff, Heidi A. Charles (hereinafter referred to as "Plaintiff Mother"), an adult individual and the surviving parent of Decedent, J.G. (hereinafter referred to as "Decedent"), who resides at 154 Morgan Hollow Road, South Fayette Township, Allegheny County, PA 15064.

1

2.      A.G. is a minor and a surviving sibling of Decedent, J.G. (hereinafter referred to as "Plaintiff A.G."), who resides at 154 Morgan Hollow Road, South Fayette Township, Allegheny County, PA 15064.

3.      Plaintiff Mother and Plaintiff A.G. are sometimes hereinafter referred to collectively as "Plaintiffs".

4.      Decedent was born on ███████, 2005 and was 15 years old at the time of her death.

5.      Decedent died intestate on June 24, 2020.

6.      On April 26, 2022, Letters of Administration were granted to Plaintiff Mother by the Register of Wills of Allegheny County, Pennsylvania at No. 022003721.

7.      Plaintiff Mother brings causes of action set forth herein under and by virtue of 42 Pa . C.S.A. §8301, known as the Wrongful Death Act of the Commonwealth of Pennsylvania, and 42 Pa. C.S.A. §8302, known as the Pennsylvania Survival Statute.

8.      Plaintiff A.G. brings a cause of action as set forth herein for negligent infliction of emotional distress.

9.      Defendant, Wheeling & Lake Erie Railway Company (hereinafter referred to as "Defendant"), is a Delaware corporation with its principal place of business located at 100 First Street SE, Brewster, OH 44613.

10.     At all times relevant hereto, Defendant was authorized to conduct and transact business within the Commonwealth of Pennsylvania, and more particularly Allegheny County, Pennsylvania.

2

11.   At all times relevant hereto, Defendant regularly and routinely engaged in commerce in the Commonwealth of Pennsylvania, and more particularly Allegheny County, Pennsylvania.

12.   At all times relevant hereto, Defendant was an interstate carrier by rail and owned, maintained, and operated the railroad, including railroad tracks and bridges, located in Morgan, South Fayette Township, Allegheny County, Pennsylvania.

13.   At all times relevant hereto, Defendant knew or in the exercise of reasonable care should have known that the railroad bridge that runs over Wabash Avenue, in a populated area of Morgan, South Fayette Township, Pennsylvania (hereinafter referred to as "the Railroad Bridge"), was regularly utilized by children and teenagers who were known by Defendant or who should have been known by Defendant to routinely enter onto and crossover said Railroad Bridge and the adjacent railroad tracks.

14.   At all times relevant hereto, Defendant knew or in the exercise of reasonable care should have known that the Railroad Bridge and/or adjacent tracks were located in an area where children and teenagers were routinely observed to be present.

15.   At all times relevant hereto, Defendant knew or in the exercise of reasonable care should have known that the Railroad Bridge presented an unreasonable risk of death or serious bodily injury to children and teenagers routinely utilizing the Railroad Bridge and/or adjacent railroad tracks.

3

16.     Decedent, because of her youth, did not realize and/or fully appreciate the risks associated with walking along the Railroad Bridge and/or the adjacent railroad tracks, specifically the potential for a train to suddenly and without advanced notice or warning come upon those walking along the Railroad Bridge and/or adjacent railroad tracks.

17.     Decedent, because of her youth, did not realize and/or fully appreciate that once she was on the Railroad Bridge she had no means of safely avoiding any train which suddenly and without advanced notice or warning entered onto the Railroad Bridge.

18.     Defendant did realize and appreciate or should have realized and appreciated the risk posed to children and teenagers, including Decedent, by its trains entering onto the Railroad Bridge when said children and teenagers were situated on the Railroad Bridge.

19.     Despite said realization and appreciation, Defendant failed to exercise reasonable care to prevent children and teenagers who routinely entered onto and crossed over its tracks from traversing the railroad tracks and entering onto the Railroad Bridge.

20.     At no point in time prior to the accident resulting in Decedent's death did Defendant take any steps to prevent the public, specifically children and teenagers, including Decedent, from entering onto and/or crossing the Railroad Bridge.

21.     At no point in time prior to the accident resulting in Decedent's death did Defendant post any warnings to alert the public, specifically children and teenagers, including Decedent, of the risk of suddenly appearing trains.

4

22.     At no point in time prior to the accident resulting in Decedent's death did Defendant post any warnings to alert the public, specifically children and teenagers, that the configuration of the Railroad Bridge resulted in their being no means of safely avoiding a train traversing the Railroad Bridge.

23.     On or about June 24, 2020, at approximately 11:14 a.m., Decedent, Plaintiff A.G. and a group of teenagers were walking along the railroad tracks adjacent to the Railroad Bridge.

24.     At said date and time, Decedent and two other teenagers from the group proceeded along the railroad tracks and onto the Railroad Bridge.

25.     At said date and time, Plaintiff A.G. and the remaining teenagers from the group broke away and walked along a route that took them under the Railroad Bridge.

26.     At the time Decedent entered onto the Railroad Bridge, she was unaware that a train was approaching.

27.     Due to the configuration of the Railroad Bridge, once Decedent was on it, there was nowhere for her to safely move to avoid being struck by Defendant's suddenly appearing and unexpected train.

28.     Defendant was aware of this configuration of the Railroad Bridge and the risk it posed to children and teenagers confronted with a suddenly appearing and unexpected train.

29.     While walking across the Railroad Bridge, Decedent was violently and without warning struck by Defendant's train, at which time she was thrown off the Railroad Bridge onto the pavement below.

5

30.     At the time Decedent was thrown off the Railroad Bridge and onto the pavement below, Plaintiff A.G. was walking along the same pavement and witnessed her sister's fall and subsequent death.

31.     At no point in time relevant hereto did Defendant's train sound its horn prior to entering onto the Railroad Bridge.

32.     At no point in time relevant hereto did Defendant's train reduce its speed prior entering the Railroad Bridge.

33.     At no point in time relevant hereto did Defendant, by and through its agents, servants and/or employees, take any other precautionary steps to alert children or teenagers, the presence of whom was frequent and routine and to be anticipated by Defendant, of the imminent approach of Defendant's train on the Railroad Bridge.

34.     At all times relevant hereto, Defendant was aware that the area where Decedent was struck and killed was regularly entered and/or crossed by children and teenagers.

35.     As a direct and proximate result of the negligent and/or careless conduct of Defendant, by and through its agents, servants, and/or employees, as set forth more fully within this Complaint, Decedent suffered injuries which resulted in her death on June 24, 2020.

36.     Decedent's injuries and death were a direct and proximate result of the negligence and carelessness of Defendant, by and through its agents, servants, and/or employees acting within the scope of their agency, servancy or employment as more fully set forth within this Complaint.

## COUNT I
## __WRONGFUL DEATH__

*Heidi A. Charles, individually and as Administrator of the Estate of J.G., Deceased vs.*
*Wheeling & Lake Erie Railway Company*

37.     Plaintiffs incorporates by reference hereto Paragraphs 1 through 36, inclusive, as if the same were set forth more fully herein at length.

38.     As a result of Defendant's negligence and carelessness, by and through its agents, servants, and/or employees, as set forth within this Complaint, which was the direct and proximate result of death of Decedent, Plaintiff Mother brings causes of action as set forth herein under and by virtue of 42 Pa.C.S.A. §8301, known as the Wrongful Death Act of the Commonwealth of Pennsylvania, for all persons entitled to recover damages.

39.     The following individuals are the survivors of Decedent and are entitled by law to recover damages for her wrongful death:

    a.     Joseph Gennaro, father of Decedent, who resides at 2100
           Ritchie Street, Aliquippa, PA 15001; and

    b.     Heidi A. Charles, mother of Decedent, who resides at 154
           Morgan Hollow Road, South Fayette Township, PA 15064.

40.     Pursuant to Rule 2205 of the Pennsylvania Rules of Civil Procedure, notice has been given to the persons named in the aforementioned Paragraph that an action has been initiated for the wrongful death of Decedent.

41.     Decedent did not initiate any action during her lifetime for those injuries she sustained on June 24, 2020.

7

42.     Under the Wrongful Death Statute, Plaintiff Mother is entitled by law to recover, on behalf of those individuals identified in Paragraph 39, the following damages:

   a.     Loss of Decedent's personal services, society, companionship, support, consortium, comfort, guidance, solace, and protection;

   b.     Loss of Decedent's contributions from the date of her death through the remainder of her life expectancy;

   c.     Funeral, burial and administrative expenses; and

   d.     Other losses and/or damages permitted by law.

**WHEREFORE**, Plaintiff, Heidi A. Charles, individually and as Administrator of the Estate of J.G., demands judgment against Defendant, Wheeling & Lake Erie Railroad Company, for compensatory damages in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania, together with interest and costs of suit.

## COUNT II
## SURVIVAL ACTION

*Heidi A. Charles, individually and as Administrator of the Estate of J.G., Deceased vs.*
*Wheeling & Lake Erie Railway Company*

43.     Plaintiffs incorporate by reference hereto, the allegations set forth in Paragraphs 1 through 42, inclusive, as though fully set forth herein at length.

44.     This action is brought to recover damages for the death of Decedent.

45.     Decedent's Administrator, Plaintiff Mother, is the proper party to bring this action under 42 Pa C.S.A. § 8302.

46.     As a result of Defendant's negligence and carelessness, by and through its agents, servants, and/or employees, as set forth more fully within this Complaint, which acts were the direct and proximate cause of Decedent's death, Plaintiff Mother is entitled by law to recover, on behalf of those individuals identified in Paragraph 39, the following damages:

      a.    Decedent's pain and suffering;

      b.    Decedent's loss of earning power and/or potential earning capacity;

      c.    Loss of future earnings for the period of Decedent's life expectancy; and

      d.    Other damages permitted by law.

**WHEREFORE**, Plaintiff, Heidi A. Charles, individually and as Administrator of the Estate of J.G., demands judgment against Defendant, Wheeling & Lake Erie Railroad Company, for compensatory damages in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania, together with interest and costs of suit.

## COUNT III
## NEGLIGENCE

*Heidi A. Charles, individually and as Administrator of the Estate of J.G., Deceased, and Heidi A. Charles vs. Wheeling & Lake Erie Railway Company*

47.     Plaintiffs incorporate by reference hereto, the allegations set forth in Paragraphs 1 through 46, inclusive, as though fully set forth herein at length.

48.     At all times aforesaid, the negligent and/or careless conduct of Defendant consisted of the acts and/or omissions of its agents, servants, and/or employees, acting within the scope of their agency, servancy and/or employment as set forth within this Complaint, for which Defendant is vicariously liable.

49.   At all times relevant hereto, Defendant was responsible and liable for the negligent and/or careless conduct of its agents, servants, and/or employees, acting within the scope of their agency, servancy, and/or employment as set forth within this Complaint, pursuant to the doctrine of *respondeat superior*.

50.   At all times aforesaid, the careless and negligent conduct of Defendant, by and through its agents, servants, and/or employees, was the legal and proximate cause of the death of Decedent on June 24, 2020, in the following particulars:

   a.   By failing to properly instruct the operator(s) of its train as to the proper manner in which to approach the Railroad Bridge;

   b.   By permitting the public to enter and/or cross its tracks without objection at the point where Decedent was struck and killed;

   c.   By failing to take any steps to prevent children, particularly Decedent, from entering onto and crossing over the Railroad Bridge;

   d.   By failing to implement a protocol to safely approach a bridge such as the Railroad Bridge so as to ensure any known or anticipated children and teenager pedestrians were provided notice of the pending approach of a train;

   e.   By failing to activate the train's horn so as to provide adequate advanced notice of the train's approach so as to enable known or anticipated children and teenager pedestrians to take the necessary steps to move safely off of said Railroad Bridge;

   f.   By failing to warn known or anticipated children and teenager pedestrians of the potential for trains to appear suddenly and without warning;

g.  By failing to warn known or anticipated children and teenager pedestrians of the hazards associated with walking across the Railroad Bridge, including the risk of being struck by a train due to the lack of a means to safely move out of the train's way;

h.  By failing to ensure its agents, servants and/or employees were trained to keep a lookout to see if the tracks were clear when approaching an area where know children and teenage pedestrians frequented; and

i.  By failing to ensure its agents, servants and/or employees were trained to moderate their speed as they approached the Railroad Bridge, an area where know children and teenage pedestrians frequented.

51.  As a direct and proximate result of Defendant's aforementioned negligent and/or careless conduct, by and through its agents, servants, and/or employees, as set forth within this Complaint, Decedent sustained the following injuries:

a.  Blunt impact injuries to the head and torso; and

b.  Death.

**WHEREFORE**, Plaintiff, Heidi A. Charles, individually and as Administrator of the Estate of J.G., demands judgment against Defendant, Wheeling & Lake Erie Railroad Company, for compensatory damages in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania, together with interest and costs of suit.

11

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*A.G. a minor, by and through Plaintiff, Heidi A. Charles, as a parent and natural guardian of a minor vs. Wheeling & Lake Erie Railway Company*

52.     Plaintiffs incorporate by reference hereto, the allegations set forth in Paragraphs 1 through 51, inclusive, as though fully set forth herein at length.

53.     Plaintiff A.G., sister of Decedent, was walking on the pavement below the Railroad Bridge and witnessed Decedent being struck, thrown from the Railroad Bridge and being killed by Defendant's train.

54.     Plaintiff A.G. had a contemporaneous perception of tortious injury to Decedent, a close relative.

55.     Defendant's conduct, as described within this Complaint, constitutes negligence.

56.     As a direct and proximate result of Defendant's negligence, as described within this Complaint, Plaintiff A.G. suffered an immediate and substantial physical harm.

57.     As a direct and proximate result of Defendant's negligence, as described within this Complaint, Plaintiff A.G. suffered freight and mental suffering traceable to Defendant's negligence.

58.     As a direct and proximate result of Defendant's negligence, as described within this Complaint, Plaintiff A.G. is entitled to seek recovery for those damages and injuries she suffered.

WHEREFORE, Plaintiff, A.G., a minor, by and through Plaintiff, Heidi A. Charles, as a parent and natural guardian of a minor, demands judgment against Defendant, Wheeling & Lake Erie Railroad Company, for compensatory damages in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania, together with interest and costs of suit.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**McKENNA & ASSOCIATES, P.C.**

BY: _____

MARK F. McKENNA, ESQUIRE
*Attorneys for Plaintiffs, HEIDI A. CHARLES,*
*individually and as an Administrator of the Estate of*
*J.G., deceased, and A.G., a minor, by and through*
*HEIDI A. CHARLES, as a parent and natural guardian*
*of a minor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Complaint in Civil Action was forward via electronic mail and U.S. mail, postage prepaid, to the following this 5th day of August, 2022:

J. Lawson Johnston, Esquire
Scott D. Clements, Esquire
DICKIE, McCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

McKENNA & ASSOCIATES, P.C.

BY: _____

MARK F. McKENNA, ESQUIRE
*Attorneys for Plaintiffs*

14

## VERIFICATION

I, Heidi A. Charles, on behalf of A.G., a minor, depose and say subject to the Penalties of 18 Pa. C.S., Section 4904 relating to unsworn falsification to authorities, that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief.  However, certain of the language is that of counsel and, to the extent that it goes beyond the factual information that I have provided to counsel, I have relied upon counsel in making this verification.

I understand that false statements herein are made subject to the penalties relating to unsworn falsification to authorities.


_8/4/22_
Date

_Heidi Charles_
Heidi A. Charles, on behalf of A.G., a minor

## **VERIFICATION**

I, Heidi A. Charles, in my own right and as the Administrator of the Estate of J.G., Deceased, depose and say subject to the Penalties of 18 Pa. C.S., Section 4904 relating to unsworn falsification to authorities, that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief. However, certain of the language is that of counsel and, to the extent that it goes beyond the factual information that I have provided to counsel, I have relied upon counsel in making this verification.

I understand that false statements herein are made subject to the penalties relating to unsworn falsification to authorities.


8/4/22
_____
Date

_Heidi Charles_
_____
Heidi A. Charles, in her own right and as the
Administrator of the Estate of J.G., Deceased

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Mark F. McKenna, Esquire

Signature

Name: Mark F. McKenna

Attorney No. (if applicable): 30297

Rev. 09/2017