**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HEIDI A. CHARLES, individually and as
an Administratrix of the Estate of J. G.
deceased, and A. G., a minor, by and
through HEIDI A. CHARLES, as a parent
and natural guardian of a minor,

Civil Action No.: 2:22-cv-01248-MJH

          Plaintiffs,

    vs.

WHEELING & LAKE ERIE RAILWAY
COMPANY, a Delaware corporation,

          Defendant.

## JOINT MOTION FOR LEAVE OF COURT TO FILE UNDER SEAL AMENDED PETITION FOR COURT APPROVAL TO SETTLE WRONGFUL DEATH AND SURVIVAL ACTION

Plaintiffs, Heidi A. Charles, individually and as an Administratrix of the Estate of J.G.,

deceased, and A.G., a minor, by and through Heidi A. Charles, as a parent and natural guardian of

a minor (hereinafter referred to as "Plaintiffs") by and through her attorneys, McKENNA &

ASSOCIATES, P.C., jointly with Defendant Wheeling & Lake Erie Railway Company, file the

within Joint Motion for Leave of Court to File Under Seal Amended Petition for Court Approval

to Settle Wrongful Death and Survival Action, and in support thereof aver as follows:

    1.    On June 10, 2022, Plaintiffs initiated the present action with the filing of a Writ of

Summons in the Court of Common Pleas of Allegheny County, docket No. GD-22-007056.

    2.    On August 5, 2022, Plaintiffs filed a Complaint in a Civil Action against Defendant

alleging that the negligent and/or careless, conduct of Defendant, through its agents, servants,

and/or employees, was the direct and proximate cause of Decedent's death and the damages

suffered by the survivors of Decedent, under 42 Pa. C.S.A. §8301, known as the Wrongful Death

Act of the Commonwealth of Pennsylvania.

3.      On August 30, 2022, Defendant filed a Notice of Removal transferring the matter of the United States District Court of Western District of Pennsylvania.

4.      Defendant has denied, and continues to deny, any liability arising from the events of June 24, 2020.

5.      On March 8, 2023, the parties to this action participated in the Court's required ADR program that resulted in the full and complete settlement of Plaintiffs' claims.

6.      Under the terms of the Releases signed in this matter, the terms and conditions of the settlement, including the amount of the settlement and distribution of the settlement, are to be confidential.

7.      The Releases also contain a non-disparagement agreement.

8.      Pennsylvania law requires that any compromise or settlement of an action in which damages are sought to be recovered on behalf of an estate be approved by the Court. 20 Pa. C.S.A.§3323.

9.      Settlements are not routinely made part of the judicial record.

10.     As a result of the settlement reached by the parties at the ADR session, Plaintiff, on behalf of the Estate, intends to file an Amended Petition for Allocation and Distribution of Settlement Proceeds.

11.     The disclosure of the financial terms of the settlement infringes on Plaintiffs' rights to privacy.

12.     Further, the disclosure of the settlement terms and amount will prejudice Defendant in current or future matters and will undermine Defendant's negotiating position. *See Williams v. Amazon, Inc.*, 2023 WL 377885, *5, n.5 (E.D. Pa. Jan. 24, 2023).

13.     As this is a private dispute between private parties, no discernible public interest is served by the disclosure of the settlement terms; settlement amount; settlement distribution; or the details of the Plaintiffs' costs, expenses, and fee arrangement with counsel.

14.     The privacy rights of Plaintiffs outweighs any right to access the judicial record filings in compliance with Pennsylvania statutory law involving these actions made part of the judicial record.

15.     Due to the confidential nature of the settlement itself, the parties request leave of Court for Plaintiff file to file her Amended Petition Under Seal.

16.     The courts have permitted the sealing of documents when justice so requires and upon showing specific, compelling, countervailing interests to be protected by nondisclosure. *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216 (3d Cir. 2011); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019); *Singleton v. PharamaTech, LLC*, 2020 WL 7769835 (W.D. Pa. Dec. 30, 2020).

17.     The information contained in the Amended Petition includes the kind of information that courts will protect, and the disclosure of such information would work a clearly defined and serious injury to the parties seeking closure of this matter. *See*, *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672-673 (3d Cir. 2019) (internal quotation and citations omitted).

18.     The parties hereby incorporate by reference their Joint Brief in Support of their Motion for Leave to File Under Seal Certain Exhibits to Petitions for Court Approval of Settlement Involving an Estate and a Minor filed on April 10, 2023, in connection with this matter. (Doc. No. 30).

WHEREFORE, for these reasons set forth above, the parties request that this Honorable Court enter an Order granting Plaintiff leave to file her Amended Petition for Allocation and Distribution of Settlement Proceeds under Seal.

Respectfully submitted,

**McKENNA & ASSOCIATES P.C.**

BY:  *Mark F. McKenna, Esquire*
MARK F. McKENNA, ESQUIRE
PA I.D. #30297
McKENNA & ASSOCIATES, P.C.
220 Grant Street, 6th Floor
Pittsburgh PA  15219
(412) 471-6226
mfm@mckennaandassociates.com
*Attorneys for Plaintiffs, Plaintiffs, Heidi A. Charles, individually and as an Administratrix of the Estate of J.G., deceased, and A.G., a minor, by and through Heidi A. Charles, as a parent and natural guardian of a minor*

**DICKIE, McCAMEY & CHILCOTE, P.C.**

By:  /s/ Scott D. Clements
Scott D. Clements, Esquire
PA ID #78529
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
(412) 281-7272
*Counsel for Defendant,*
*Wheeling & Lake Erie Railway Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, a true and correct copy of the foregoing has been filed with the Clerk using the Court's CM/ECF System, which will send notification of such filing to the following counsel of record:

Scott D. Clements, Esq.
J. Lawson Johnston, Esq.
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222

With a copy sent by electronic mail to:

Peter D. Friday, Esquire
Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216

McKENNA & ASSOCIATES, P.C.

By: *Mark F. McKenna, Esquire*

MARK F. McKENNA, ESQUIRE
*Attorneys for Plaintiffs, Plaintiffs, Heidi A. Charles, individually and as an Administratrix of the Estate of J.G., deceased, and A.G., a minor, by and through Heidi A. Charles, as a parent and natural guardian of a minor*